## MAKANOANOA MERSBURGH *vs.* JAMES RENTON *et al.*

### IN EQUITY. BEFORE JUDD, C.J.

### JULY, 1884.

Plaintiff held entitled to recover full interest on a mortgage, the defense of tender not being made out.

### DECISION OF JUDD, C.J.

This is a bill in equity to foreclose a mortgage made by the defendant Renton on certain lands in Kohala, Hawaii, the estate having been transferred to the Union Mill Company.

The mortgage is for $2,000, with interest at 8 per cent. per annum, and is dated September 11th, 1877. It became due September 11th, 1881. The answer admits the execution of the mortgage and the transfer of the estate, but alleges that when the mortgage was due payment was not demanded, though the defendant company was willing and prepared to pay the amount due, principal and interest; and on inquiry why it was not demanded, defendant learned that the mortgage and note were lost, whereupon defendant agreed to pay principal and interest upon a sufficient bond of indemnity being executed. The offer to furnish indemnity was made by plaintiff in March, 1884. The proofs show that the interest was paid regularly up to the 11th March, 1881, and that there was due of interest, up to the 11th September, 1881, eighty dollars. The sum of $2,000 principal and $80 interest is paid into Court. The contest in this

case is upon the question whether the defendant is now liable for full interest to date. The defendant contends that interest ceases to run from the time of its offer to pay on the execution of indemnity.

The plaintiff contends that no legal tender was made, and that full interest should be allowed her.

The plaintiff says, in evidence, that she never demanded payment of the mortgage, nor authorized any demand on her behalf; also, that no tender was made to her. It is in evidence, however, that Mr. Brown, the attorney for defendant, wrote, soon after the mortgage became due, to Mr. Vida, who was acting as plaintiff's agent, and ascertained that the mortgage and note were lost, and then offered to pay the amount due on Mr. Vida's engaging to provide suitable indemnity. This Mr. Vida declined to do, and matters went along until March of this year, when Mr. Brown offered to pay one-half of the computed interest, which offer being refused, this bill is brought.

In Jones on Mortgages, Sec. 899, it is laid down that "it is a settled rule that interest will cease to run from the time of tender, when the money really due upon the mortgage is actually and properly tendered by a person having the right to make the tender, so that the mortgagee is bound to accept it."

But tested by the well settled rules of law applicable, no sufficient tender has been shown to have been made. For a tender must be absolute and unconditional. No actual money was offered.

Indemnity is required in case of a lost note in order that the payee may not be twice liable on the same instrument, but there are abundant authorities to this effect that if the note is not negotiable no indemnity can be required.

No question is, however, made in this case as to the right of the plaintiff to foreclose the mortgage upon secondary evidence, i. e., the certified copy of the mortgage from the Registrar's office, the original being lost.

I am of the opinion that the plaintiff ought to recover full interest. It was the duty of the debtor to see his creditor, to

make his payment and to make legal proffer of the money, if he expected to stop interest.

Decree accordingly.

*J. M. Monsarrat,* for plaintiff.

*C. Brown,* for defendants.

Honolulu, July 22d, 1884.